# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| OCTAVIA L. KILLION, | Case No. 22-CV-1795 (ECT/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SHAKOPEE WOMEN PRISON, | |
| Defendant. | |

This lawsuit has evolved substantially since the time that it was filed only a few months ago. Plaintiff Octavia L. Killion, a prisoner at the Minnesota Correctional Facility in Shakopee ("MCF-Shakopee"), alleged in her initial complaint that she was injured when a prison employee named "Chude" caused damage when giving her a haircut, inflicting cosmetic injuries that required medical treatment. (*See generally* Complaint, Dkt. No. 1). Ms. Killion's claim was neither trivial nor frivolous, but neither did it appear to raise a claim under federal law, and there was no reason from the complaint to believe that the Court had original jurisdiction over any state-law claims brought by Ms. Killion. Because Ms. Killion is a prisoner, she was required to pay an initial partial filing fee at the outset of this action. *See* 28 U.S.C. § 1915(b). In the order calculating her initial partial filing fee, Ms. Killion was warned that her complaint, at least as pleaded, would be unlikely to survive preservice review under 28 U.S.C. § 1915A. (*See* Dkt. No. 11.)

Since filing this action, however, Ms. Killion has gradually expanded the scope and the gravity of her allegations. About a month after commencing this case, Ms. Killion filed

1

both a letter and a "motion for relief" that added substantial details regarding the claim raised in her initial complaint and suggested that she intended to also raise other claims in this litigation regarding physical, psychological, and sexual mistreatment by prison staff, none of it apparently related to her original claim of scalp injuries. (*See* Dkt. Nos. 4 & 6.) But a litigant cannot add claims to a lawsuit piecemeal, filing by filing—instead, an amended complaint is needed that sets forth in one pleading all the claims for relief that the litigant intends to prosecute, along with the factual allegations on which those claims are premised. *See* D. Minn. L.R. 15.1(a) ("Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."). Because Ms. Killion appeared to be contemplating filing an amended complaint, and because Ms. Killion had not yet paid the initial partial filing fee assessed of her, the Court delayed review of the initial complaint under § 1915A.

On October 3, 2022, Ms. Killion filed a motion to amend her complaint (Dkt. No. 15) and a proposed amended complaint (Dkt. No. 15-1). The motion to amend was granted on November 1, 2022. (*See* Dkt. No. 17.) Ms. Killion was entitled to amend her complaint once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), and so her proposed amended complaint became operative upon filing in any event. That same day, this Court received Ms. Killion's initial partial filing fee.

The required initial partial filing fee having been paid, this matter is now before the Court on preservice review of Ms. Killion's amended complaint [Dkt. No. 19] under § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint do not need to be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Ms. Killion's amended complaint raises (by her own reckoning) five claims: (1) that she was subjected to sexual harassment during a strip search performed on September 2, 2022; (2) that prison officials have discriminated against her due to her "learning and physical disability," (3) that a prison employee caused her physical injuries due to

3

negligence in performing the haircut at issue in the original complaint; (4) that prison officials have discriminated against her based on her race and religion; and (5) that she has been denied "a reasonable accommodation for mental health services." (Am. Compl. at 2–3). Ms. Killion refers expressly both to state law and to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., in her amended complaint; that pleading can also fairly be interpreted as implying claims of constitutional violations under 42 U.S.C. § 1983, although Ms. Killion does not mention that statute specifically.

To state a claim under the ADA, Ms. Killion is required to adequately allege facts that, if proved true, would establish

> (1) that [she] is a qualified individual with a disability; (2) that [she] was excluded from participation in or denied the benefits of the prison's services, programs, or activities, or was otherwise subjected to discrimination by the prison; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of [her] disability.

*Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (quotation omitted). Ms. Killion does allege each of these things, but she does so only in an entirely conclusory manner—neither the defendants nor the Court would know from the complaint, for example, what specific disability qualifies Ms. Killion for protection under the ADA, or how that disability is alleged to have caused Ms. Killion to be subjected to differential treatment. Nor is it clear what accommodation, reasonable or otherwise, Ms. Killion sought from prison officials on account of her disability. Conclusory allegations are not entitled to the usual assumption of truthfulness, *see Iqbal*, 556 U.S. at 679, and Ms. Killion's ADA claims are premised upon nothing but conclusory allegations.

Although the ADA is the lone federal statute mentioned in the amended complaint, the bulk of Ms. Killion's claims are a more natural fit when recharacterized as claims of constitutional violations raised under § 1983. But this recharacterization creates its own problems. Ms. Killion names only the "Shakopee Women Prison" as a defendant to this action. *See* Amended Complaint at 1. MCF-Shakopee is an instrumentality of the State of Minnesota, and by suing the prison Ms. Killion has in essence named the State itself as a defendant to this action. But a litigant cannot sue a state or an instrumentality of a state under § 1983. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Only persons, not states, may be sued under § 1983, and neither the State of Minnesota nor MCF-Shakopee is a person for purposes of that statute.[1] *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016).

---

[1] Although Ms. Killion lists only MCF-Shakopee as a defendant in her amended complaint, her motion to amend suggests that she also intended to include unspecified "DOC Employees" as defendants in this action. (*See* Dkt. No. 15.) The motion to amend is not itself a pleading, but even if the amended complaint were interpreted as raising claims against unnamed employees of the Minnesota Department of Corrections, Ms. Killion has never specified whether those defendants are being sued in their personal capacities or in their capacities as agents of the State of Minnesota. The Court would be required to interpret the pleading as raising only official-capacity claims, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995), and this would land Ms. Killion in exactly the same place as she ends up with respect to § 1983 claims brought against the State of Minnesota itself, *see Will*, 491 U.S. at 71. To be sure, this kind of technical pleading error is the sort of mistake that a litigant will almost always be permitted to correct through further amendment of the complaint. But even if *that* mistake were to be corrected, further problems would await Ms. Killion soon thereafter. Three examples: First, service of process cannot be effected on John Doe defendants, and thus yet another amendment of the pleading would soon be necessary. Second, exhibits recently filed by Ms. Killion indicate that she has not yet exhausted administrative remedies for at least some of her claims, which had accrued only days before the amended complaint was filed. *See, e.g.*, Dkt. No. 20-2 at 1. Dismissal is not recommended (and cannot at this stage of the proceedings be recommended) due to this apparent failure to exhaust, but it does suggest

This leaves only Ms. Killion's claims arising under state law, over which the Court lacks original jurisdiction. 28 U.S.C. § 1331 supplies original jurisdiction only for the claims arising under federal law, and Ms. Killion has not alleged that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a). Moreover, the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal-law claims have been dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, the Court recommends that the entirety of this matter be dismissed without prejudice, with the federal-law claims dismissed pursuant to § 1915A(b), and the state-law claims dismissed for lack of jurisdiction. Ms. Killion remains responsible for the remainder of the statutory filing fee in this matter, which must be paid in installments over time; it is further recommended that officials at the prison where Ms. Killion now resides be apprised of that requirement.

Ms. Killion has raised serious, troubling allegations. For the reasons set forth above, as currently pleaded, her case would be dismissed before the merits were considered. Dismissing this case now, but without prejudice, allows Ms. Killion to evaluate whether

---

that further pursuit of this litigation by Ms. Killion at this time would likely be futile. Third, it is not clear that the John Doe defendants would be sufficiently related to justify their inclusion within a single lawsuit. *See* Fed. R. Civ. P. 20(a)(2). Ms. Killion's claims regarding her scalp and hair injuries, for example, appear to have nothing to do with her claims regarding sexual misconduct. That both alleged harms were committed by prison employees would not be enough to group those separate prison employees together in one proceeding.

she wishes to exhaust her administrative remedies within the Minnesota Department of Corrections and fix the pleading errors identified above.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** as follows:

   a. The federal-law claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

   b. The state-law claims be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Octavia L. Killion [Dkt. No. 2] be **DENIED**.

3. Ms. Killion's motion for relief [Dkt. No. 6] be **DENIED**.

4. Ms. Killion be directed to pay the unpaid balance ($267.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Ms. Killion is confined.


Dated: January 5, 2023                    *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).